**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4949**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOSAND FARMER, a/k/a Johan Farmer,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:10-cr-00271-FL-3)

───────────

Submitted:  May 17, 2012          Decided:  June 5, 2012

───────────

Before KING, DIAZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josand Farmer was found guilty of one count of participating in a conspiracy to distribute and possess with the intent to distribute fifty or more grams of cocaine base, one kilogram or more of phencyclidine, and a quantity of 3, 4 methylenedioxymethamphetamine, in violation of 21 U.S.C. § 846 (2006), and two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). He was sentenced to three concurrent terms of 360 months' imprisonment. We affirm.

On appeal, Farmer's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he can find no meritorious issues for appeal. Counsel seeks our review of whether Farmer's conspiracy conviction was supported by sufficient evidence, whether the Government vindictively filed a 21 U.S.C. § 851 (2006) notice after Farmer elected to stand trial, and whether Farmer's sentence was manipulated because law enforcement agents made repeated drug transactions with members of the conspiracy.

The district court twice denied Farmer's motions for a judgment of acquittal during trial. We review the denial of such a motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We will sustain a verdict

2

"if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks omitted).

We do not find anything approaching a clear failure by the prosecution. Multiple witnesses testified to Farmer's direct involvement in the drug distribution conspiracy. Although Farmer testified to the contrary, and maintains in his pro se supplemental brief that the Government's witnesses were lying, we are mindful that "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and brackets omitted). We find that the evidence was sufficient to support Farmer's conspiracy conviction.

We similarly find that Farmer was not the victim of vindictive prosecution based on the Government's filing of a 21 U.S.C. § 851 notice after Farmer elected to stand trial. The Government's decision to seek a stiffer penalty at trial does

not rise to the level of vindictive prosecution.  See United States v. Morsley, 64 F.3d 907, 920 (4th Cir. 1995); see also Bordenkircher v. Hayes, 434 U.S. 357, 363-65 (1978).  Nor do we find that Farmer was the victim of sentencing manipulation because law enforcement agents monitored six drug transactions with members of the conspiracy instead of initiating arrests after the first transaction.  Such investigative efforts do not rise to the level of outrageousness necessary to support a claim of sentencing manipulation.  See United States v. Jones, 18 F.3d 1145, 1154-55 (4th Cir. 1994).  We have reviewed the other issues raised by Farmer in his pro se supplemental brief and find none to be meritorious.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Farmer, in writing, of the right to petition the Supreme Court of the United States for further review.  If Farmer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Farmer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED